**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALEX ISOM,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No.: 23-cv-103-DMS-MMP

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Defendant United States' Motion for Summary Judgment. (Defendant's Motion ("Def.'s Mot."), ECF No. 24). Plaintiff Alex Isom has not filed a response in opposition. For the following reasons, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

Plaintiff sues Defendant for injuries resulting from an altercation with Customs and Border Protection ("CBP") at the San Ysidro Port of Entry. (Plaintiff's First Amended Complaint ("FAC"), ECF No. 7). Plaintiff alleges that on August 17, 2021, while delivering frozen meat near the U.S.-Mexico border, a CBP Officer asked to search his truck. (*Id.* at 3). During the search, Plaintiff alleges that several Officers "assaulted and

tackled Plaintiff to the ground," "force[d] him to put his hands behind his back," "threw Plaintiff against a concrete wall", and "shackled his ankles to a bench" for three hours. (*Id.* at 4). He was then allegedly released from custody without explanation. (*Id.*). Pursuant to the Federal Tort Claims Act ("FTCA"), Plaintiff asserts five causes of action against Defendant: (1) false imprisonment; (2) assault; (3) battery; (4) negligence; and (5) intentional infliction of emotional distress. (*Id.* at 5–8).

On October 6, 2023, Defendant served Plaintiff's Counsel with electronic discovery requests. (Def.'s Mot 3). Then, on October 18, 2023, Plaintiff's Counsel filed a motion to withdraw because of a conflict of interest. (ECF No. 19). The Court granted the motion. (ECF No. 21). Following this change of course, Defendant sent the previously served requests to Plaintiff. (Def.'s Mot. 3, Exhibit 3). On December 22, 2023, Defendant served Plaintiff with Requests for Admission. (*Id.*). Neither Defendant nor the Court has heard from Plaintiff since he became pro se. (*Id.*).

## II.

## LEGAL STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party

cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id.*; *see also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. "Rule 56 must be construed with due regard . . . for the rights of persons opposing . . . claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id.*

## III.
## DISCUSSION

Defendant argues that Plaintiff's failure to respond to its Requests for Admission deems all such matters admitted such that there is no genuine dispute of material fact. (Def.'s Mot. 2). The Court agrees.

Pursuant to Federal Rules of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "Rule 36(a) is self-executing and the failure to timely respond to requests for admissions results in automatic admission of the matters requested." *Petros v. Duncan*, 2020 WL 6786196, at *3 (E.D. Cal. Oct. 6, 2020). If no other genuine disputes of material fact exist in the case, summary judgment is appropriate. *O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958) (affirming summary judgment because "the unanswered request for admissions resulted in Appellant's admitting that at all times the Appellees were acting solely under color of their offices and by the authority of the Internal Revenue Laws"); *Ocasio v. Las Vegas Metro. Police Dep't*, 10 F.App'x 471, 472 (9th Cir. 2001) ("Because Ocasio failed to respond to defendant's requests for

admissions, the district court properly deemed the matters admitted pursuant to Fed. R. Civ. P. 36(a) and, in the absence of any disputed issues of material fact, properly granted summary judgment."); *GTE Directories Corp. v. McCartney*, 11 F.App'x 735, 737 (9th Cir. 2001) ("It is clear that a district court may grant summary judgment based on deemed admissions."); *Wohl v. Cnty. of Los Angeles*, 225 F.App'x 676, 677 (9th Cir. 2007). The fact that a plaintiff is pro se does not change the analysis. *See id.*; *Ocasio*, 10 F.App'x at 472.

Plaintiff has not responded to Defendant's Requests for Admission. (Def.'s Mot. 5). Served on December 22, 2023, Plaintiff's 30-day window to respond has far expired. (*Id.* at Exhibit 3). Thus, Plaintiff has admitted the following:

- "Admit YOU were not 'tackled' or 'pushed to the ground' by CBP Officers, as YOU alleged in YOUR FAC."
- "Admit YOU were not 'severely beat[en]' by CBP Officers while YOU lay on the ground, as YOU alleged in YOUR FAC."
- "Admit YOU were not thrown 'against a concrete wall' by CBP Officers, as YOU alleged in YOUR FAC."
- "Admit CBP Officers acted reasonably in responding to your non-compliant conduct on August 17, 2021, at the San Ysidro Port of Entry in San Diego, California."

(*Id.*). Considering these admissions, Plaintiff's remaining allegations are that he was handcuffed and detained for three hours. (FAC 4). Without more, these allegations cannot sustain his claims under California law, applicable here because the relevant conduct occurred at the San Ysidro Port of Entry in San Diego, CA. (*Id.* at 3); 28 U.S.C. § 1346(b); *Trenouth v. United States*, 764 F.2d 1305, 1307 (9th Cir. 1985) ("The FTCA provides that the law of the state where the alleged tort occurs is to be applied to determine whether the defendant committed a tort.").

Admitting that CBP officers acted reasonably forecloses Plaintiff's negligence claim. *Vasilenko v. Grace Fam. Church*, 404 P.3d 1196, 1198 (2017) (stating that elements of negligence under California law include duty of reasonable care and breach of that duty).

This admission also forecloses his assault, battery, intentional infliction of emotional distress, and false imprisonment claims. When these claims "concern the conduct of peace officers acting in their official capacities", the plaintiff must show that the "officers used unreasonable force". *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (applying standard to assault, battery, and intentional infliction of emotional distress claims against United States); *Lovelady v. United States Customs & Border Prot.*, 2024 WL 2788436, at *2 (N.D. Cal. May 30, 2024) (applying standard to false imprisonment claim against United States); (FAC 5–8) (stating that Officers acted "within their official capacity" for each claim). While Plaintiff's admissions about the Officers' physical conduct (or lack thereof) weakened his claims, admitting reasonableness eliminated any material dispute between the parties. The reasonableness of the CBP Officers' conduct entitles Defendant to judgment as a matter of law on all counts.

As a final note, Plaintiff has not acted in this case since October 2023. He has neither communicated with the Court nor Defendant, which includes his lack of response in opposition to the present Motion. (Def.'s Mot. 3, Exhibit 3). It appears to the Court that he no longer wishes to pursue his case. Accordingly, his claims are **DISMISSED.**

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: October 1, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court